UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) CASE NO. 12-39355 |
| BUESING BROTHERS, INC. | ) |
| | ) CHAPTER 11 |
| | ) |
| Debtor. | ) Judge Timothy A. Barnes |

*Final*

### ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Buesing Brothers. Inc., for the authority to use cash collateral; due and proper notice having been given pursuant to the requirements of Section 363(c)(2) of Secured Creditor pursuant to Bankruptcy Code and R4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES AS FOLLOWS:

1. This case was commenced on **October 3, 2012**, when the Debtor filed a voluntary petition under **Chapter 11 of** the United States Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage her business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by **US Bank, the Internal Revenue Service and the Illinois Department of Revenue** (the "Secured Creditor") who have a security interest in all the assets of the Debtor by way of mortgages, security agreements and liens recorded and still due and owing.

3. An immediate need exists for the Debtor to use the Post-petition Collateral, including, but not limited to, the cash collateral outlined above in order to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C.§ 503(b) and/or 364(a).

5. The Secured Creditor is unwilling to permit the use of any of its Post-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. § 364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

I. The secured Creditor shall be secured by a lien to the same extent, propriety and validity as existed prior to the Petition date; that the Secured Creditor shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extend actually used and for the diminution, if any, in the value of the Secured Creditor's Collateral securing all indebtedness of the Debtor to the Secured Creditor, which replacement lien shall be the same lien as existed as the pre-petition valid liens of record.

II. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditor, and need not be separately documented, other than any avoidance action filed by the Debtor or a Trustee. No lien holder shall be given a greater lien than the extent of that lien holders prepetition lien.

III. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of collateral, and shall permit on site inspection of such collateral, policies of insurance and financial statements, including, but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours.

IV. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds

           of accounts receivable, inventory, contract rights, and general intangibles in said account.

V.     A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect the Secured Creditor's secured position or the ultimate collect ability of its claim herein shall be timely mailed to the Secured Creditor.

VI.     The United States Trustee, all secured creditors, and the 20 largest unsecured creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order hereinafter modified or vacated shall not affect the validity of any debt to Secured Party incurred pursuant to this Order.

VII.     ~~This Order shall remain in effect until June 30, 2013, at 10:30 a.m.~~

VIII.     ~~A status hearing on this matter will be heard on February 26, 2013 at 10:30 a.m. at which time a final hearing on the use of cash collateral will take place.~~

IX.     The Debtor shall make adequate protection payments of $2,500.00 per month to the Internal Revenue Service.

X.     The Debtor shall make adequate protection payments of $1,323.28 per month to US Bank.

XI.     The Debtor shall make payments of $1,372.32 per month to Fox Valley Laborers.

XII.     Any objections to this Order shall be in writing and shall be served upon the attorney for the Debtor, the Secured Creditor, and the Office of the United States Trustee, by June 19, 2013, at the addresses hereinafter referenced:

OFFICE OF THE UNITED STATES TRUSTEE
219 S. Dearborn, Rm 873
Chicago, IL 60606

Attorney for Debtor
Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL 60462

United States Attorney
219 S. Dearborn St.
Chicago, IL 60604

XIII. This Court finds and orders that this is a core proceeding under 28 U.S.C. § 157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

BE IT SO ORDERED.
Dated: This      day of                 , 2013.

ENTERED:

_____
Judge Timothy A. Barnes

26 MAR 2013

Thomas W. Toolis (#6270743)
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
(708-349-9333)
twt@jtlawllc.com